IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LUCAS B. HORTON,              § | |
|     PLAINTIFF,                § | |
|                               § | |
| V.                            § | CASE NO. 3:22-CV-1000-G-BK |
|                               § | |
| NATIONAL REPUBLICAN           § | |
| SENATORIAL COMMITTEE,         § | |
|     DEFENDANT.                § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C § 636(b) and *Special Order 3*, this case was referred to the undersigned United States magistrate judge for pretrial management. Doc. 2. Now before the Court is *Defendant National Republican Senatorial Committee's Motion to Dismiss Plaintiff's Amended Complaint*. Doc. 11. For the reasons that follow, Defendant's motion should be **GRANTED IN PART**.

**I. BACKGROUND**

Plaintiff filed this *pro se* action against Defendant in state court. Doc. 1-2 at 4. Defendant removed the case to this Court based on federal question jurisdiction. Doc. 1 at 1. Plaintiff then filed an amended complaint alleging that Defendant violated the Telephone Consumer Protection Act ("TCPA") (codified at 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(1)(B) and 47 C.F.R. § 64.1200) and Texas Business & Commerce Code sections 302.101 and 305.053(a)(2), when it sent an unsolicited text message to Plaintiff. Doc. 10 at 1. In response, Defendant moves to dismiss Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 11.

## II. APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In making this determination, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal citation and quotation omitted).  However, the court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal citation and quotation omitted).  To survive a motion to dismiss, a party's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545.  Further, a court will liberally construe a *pro se* complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "held to less stringent standards than formal pleadings drafted by lawyers") (internal quotation omitted).

## III. ANALYSIS

### A. Plaintiff Sufficiently Claims Defendant Acted Unlawfully under the TCPA.

In relevant part, the TCPA makes it unlawful to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service unless such call is made solely to collect a debt owed to or guaranteed by the United States." 47 U.S.C. § 227(b)(1)(A)(iii).  It is undisputed that "[a] text message to a cellular telephone . . . qualifies as a 'call'" under the TCPA.  *Campbell-Ewald Co. v. Gomez*, 577

U.S. 153, 156 (2016). To successfully state a TCPA claim, a plaintiff must allege "(1) the defendant [messaged] a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Horton v. Med-Sense Guaranteed Ass'n*, No. 3:20-CV-3470-L-BN, 2021 WL 3832830, at *4 (N.D. Tex. Apr. 6, 2021) (Horan, J.) (internal citation and quotation omitted).

*(i) Plaintiff Adequately Pleads Defendant Messaged His Cellular Telephone Number.*

A party can be held vicariously liable under the TCPA. *Campbell-Ewald Co.*, 577 U.S. at 168; *Horton v. Palmer Admin. Servs. Inc.*, No. 3:20-CV-3526-X-BN, 2021 WL 8014654, at *6-7 (N.D. Tex. June 8, 2021) (Horan, J.). Plaintiff avers that Defendant's proxy, WinRed, sent the text message at issue to Plaintiff's cellular telephone number "on behalf of, and/or for the benefit of, and with the knowledge and approval of the Defendant." Doc. 10 at 2. Plaintiff contends WinRed is Defendant's proxy, as the text message it sent included a link to a website soliciting donations for Defendant. Doc. 10 at 3. Defendant argues Plaintiff fails to plead any facts establishing a relationship between Defendant and WinRed. Doc. 11 at 8-9.

Upon review, Plaintiff plausibly alleges Defendant and WinRed have an agency relationship, which could render Defendant vicariously liable for Plaintiff's receipt of the text message. Doc. 10 at 3; *see Horton*, 2021 WL 8014654, at *7, 9 (recommending denial of the defendant's motion to dismiss because the plaintiff plausibly alleged an agency relationship between the defendant and a third-party caller); *Callier v. MultiPlan, Inc.*, No. EP-20-CV-00318-FM, 2021 WL 8053527, at *15 (W.D. Tex. Aug. 26, 2021) (denying the defendant's motion to dismiss where the plaintiff alleged, *inter alia*, the defendant benefitted from the third party's robocalls). Thus, the first TCPA factor is satisfied.

### *(ii) Plaintiff Adequately Pleads Defendant Used an Automatic Telephone Dialing System ("ATDS").*

The TCPA defines an ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1)(A)-(B). "Simply alleging the use of an ATDS, without more, is insufficient to sustain a TCPA claim." *Cunningham v. Nationwide Sec. Sols., Inc.*, No. 3:17-CV-00337-M, 2017 WL 10486988, at *3 (N.D. Tex. Nov. 2, 2017) (Lynn, C.J.). But it is difficult for a plaintiff to "know[] the type of [dialing] system used without the benefit of discovery . . . ." *Id.* Mindful of this difficulty, courts have allowed plaintiffs to rely on indirect allegations, such as the content and context of the message and relationship between the parties, to establish the defendant used an ATDS. *See Williamson v. Irving K Motor Co. LLC*, No. 3:21-CV-1599-L-BH, 2022 WL 2053179, at *7 (N.D. Tex. June 7, 2022) (Ramirez, J.) (considering the number of calls received, date and time of the calls, phone number placing the calls, and content of the calls in determining whether a plaintiff had adequately alleged the use of an ATDS).

Defendant argues Plaintiff fails to sufficiently plead Defendant used an ATDS as Plaintiff simply makes "speculative assertions without 'further factual enhancement[s].'" Doc. 11 at 10-11 (quo*tingI*qbal, 556 U.S. at 678). However, Plaintiff's operative complaint details the content and context of the text message, including (1) a link to Defendant's website, which uses "autodialed and automated calls and texts . . . ."; (2) the phone number from which the message was sent; (3) the nonworking and unmonitored nature of the sender's number; (4) the date Plaintiff received the message; and (5) the lack of any relationship between himself and Defendant. Doc. 10 at 3-*4; see Libby v. Nat'l Republican Senatorial Comm.*, 551 F. Supp. 3d

724, 728-29 (W.D. Tex. July 27, 2021) (finding the plaintiff adequately alleged the same defendant used an ATDS by providing the dates and times of the text messages and describing the message's content as a link to the defendant's website, which uses "recurring autodialed marketing messages").  Thus, the Court finds Plaintiff has stated sufficient facts from which it can be inferred at this pleading stage that Defendant used an ATDS to send the text message, so the second TCPA element is adequately pled.

### *(iii) Plaintiff Adequately Pleads Defendant Lacked Plaintiff's Prior Express Consent.*

Defendant does not contest Plaintiff's assertion that, "[a]t no time did Plaintiff ever provide [Defendant] any kind of consent, written or verbal, to be texted." Doc. 10 at 3.  Thus, the third TCPA element is adequately pled.

Therefore, Plaintiff has adequately pled a claim under 47 U.S.C. § 227(b)(1)(A)(iii), and Defendant's motion to dismiss should be **DENIED** as to such claim.

### B. *Plaintiff Fails to State a "Do Not Call List" Claim.*

Plaintiff argues Defendant violated 47 U.S.C. § 227(b)(1)(B) by messaging his DNC list-registered cellphone number without his prior consent.  Doc. 10 at 5.  In relevant part, Defendant argues this section is inapplicable and Plaintiff's DNC list claim is more appropriately brought under 47 U.S.C. § 227(c)(5).  Doc. 11 at 14.  In response, Plaintiff maintains, without citing any relevant authority, that section 227(b)(1)(B) governs his DNC list claim because even political messages require prior oral consent.  Doc. 12 at 11-12.  Upon review, both arguments are flawed.

Section 227(b)(1)(B) makes it unlawful to initiate a phone call to a "residential telephone line," or a cellular phone, "using an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(B); *see Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686 (5th Cir. 2021) (finding that the TCPA

5

applies to calls received by cellular phones and any references to "residential telephones" are inconsequential). Plainly, that section does not govern a DNC-list action. On the other hand, section 227(c) establishes the national DNC list and creates a private right of action against particular entities. *See* 47 U.S.C. § 227(c).

To successfully plead a violation under section 227(c), a plaintiff must allege (1) the receipt of "more than one" telephone call or message "within any 12-month period," (2) made "by or on behalf of the same entity," (3) to a phone number registered on the DNC list. *See* 47 U.S.C. § 227(c)(5); *Libby*, 551 F. Supp. 3d at 729 (listing the elements of a section 227(c)(5) cause of action and concluding the plaintiff failed to state a claim against the same defendant) (citations omitted); *see also Camunas v. Nat'l Republican Sen. Comm.*, 570 F. Supp. 3d 288, 300 (E.D. Penn. Nov. 4, 2021) (holding that the plaintiff failed to state a section 227(c) claim against the same defendant). In any event, political organizations are exempt from the DNC registry requirement. *Libby*, 551 F. Supp. 3d at 729.

Here, Plaintiff alleges Defendant violated the TCPA by sending a single text message to his DNC-list-registered cellphone number without his prior consent. *See* Doc. 10 at 3-5; Doc. 12 at 13 (relying on *Cranor v. 5 Star Nutrition* to assert that a single text can be the basis of a TCPA claim).[1] Defendant argues Plaintiff's DNC list claim must fail as Defendant, an exempt political organization, allegedly sent only one text message to Plaintiff. Doc. 11 at 15-16.

Thus, upon review, Plaintiff fails to state a plausible claim under either section 227(b)(1)(B) or section 227(c)(5), since the former does not establish a cause of action for a

---

[1] The Court notes that Plaintiff's reliance on *Cranor v. 5 Star Nutrition* is inapposite as the case addresses standing and not a DNC list claim. *See Cranor*, 998 F.3d at 688.

DNC-list violation, and the latter is inapplicable since Defendant is indisputably a political organization. Defendant's motion to dismiss should be **GRANTED** as to this claim.

### C. *Plaintiff's State Law Claims Survive In Part.*

*(i) Plaintiff States a Claim Under Texas Business and Commerce Code Section 305.*

Plaintiff also alleges Defendant is liable under Texas Business and Commerce Code section 305, Doc. 10 at 6, which provides, "[a] person who receives a communication that violates 47 U.S.C. § 227 . . . may bring an action in this state against the person who originates the communication for . . . both an injunction and damages." TEX. BUS. & COM. CODE § 305.053(a)(2). Thus, by establishing a section 227 violation, a party also establishes a state law violation under section 305. *Cunningham v. Arco Media Inc.*, No. 4:19-CV-901-RWS-CAN, 2020 WL 2310021, at *3 (E.D. Tex. Apr. 3, 2020) (citation omitted), *adopted by* 2020 WL 2306589 (E.D. Tex. May 8, 2020).

Because, as explained *supra*, Plaintiff sufficiently pleads a section 227(b)(1)(A)(iii) violation, Plaintiff also pleads a section 305 violation. *See Shields v. Gawk Inc.*, No. 3:18-CV-00150, 2019 WL 1787781, at *5 (S.D. Tex. Apr. 24, 2019) (holding that section 305 creates a separate cause of action). Thus, Plaintiff has a facially plausible claim against Defendant under section 305, and Defendant's motion to dismiss should be **DENIED** as to this claim.

*(ii) Plaintiff Fails to State a Claim Under Section 302.101(a).*

Defendant also moves to dismiss Plaintiff's Texas Business and Commerce Code section 302.101(a) claim. Section 302.101 states that "[a] seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made."

7

TEX. BUS. & COM. CODE § 302.101(a). A "telephone solicitation" is "a telephone call a seller . . . initiates to induce a person to purchase, rent, claim, or receive an item." TEX. BUS. & COM. CODE § 302.001(7). A "seller" is "a person who makes a telephone solicitation on the person's own behalf," and a "purchaser" is "a person who [] is solicited to become . . . obligated for the purchase or rental of an item." TEX. BUS. & COM. CODE § 302.001(3), (5).

Plaintiff avers Defendant does not possess the registration certificate required by section 302.101(a). Doc. 10 at 3. Defendant, however, argues it does not need a certificate because it allegedly sought a political donation, not to sell an item, and thus cannot be a "seller" as it did not act on its "own behalf." Doc. 11 at 17. The Court agrees. Even under the most liberal construction, Defendant's alleged solicitation of political donations does not make Defendant a seller acting on its own behalf nor Plaintiff a purchaser obligated to buy or rent an item as defined in section 302.001(7). *See* Doc. 10 at 5; Doc. 12 at 12. Thus, Defendant's motion to dismiss should be **GRANTED** as to this claim.[2]

### D. Plaintiff's Section 64.1200 Federal Regulatory Claim is Not Applicable to Defendant.

In relevant part, 47 C.F.R. § 64.1200 requires "[p]ersons or entities making calls for telemarketing purposes" to keep "a written policy, available upon demand, for maintaining a do-not-call list," and defines telemarketing as "the initiation of a telephone call or message for the purpose of encouraging the purchase of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(d)(1), (f)(13) (2022). But "[t]ax-exempt

---

[2] Notably, a judge of this Court also recently held that chapter 302 "does not apply to text messages." *Powers v. One Techs., LLC*, No. 3:21-CV-2091, 2022 WL 2992881, at *4 (N.D. Tex. July 28, 2022) (Starr, J.).

nonprofit organizations" need not comply with this requirement.  47 C.F.R. 64.1200(d)(7) (2022).

Plaintiff alleges Defendant violated this regulation by failing to maintain a written DNC list.  Doc. 10 at 5.  Defendant reiterates that it is not covered by the regulation as it is a tax-exempt political organization—even if a third party allegedly solicited donations on its behalf.  Doc. 11 at 18.  Defendant's argument has merit, as Plaintiff does not plausibly allege the regulation applies to Defendant, a nonprofit political organization.  47 C.F.R. 64.1200(d)(7*); see also* Bennett v. Veterans Aid Pac, Inc., No. 4:21-CV-340, 2022 WL 1632553, at *5 (E.D. Tex. May 23, 2022) (holding that a request for donations made by or on behalf of a tax-exempt nonprofit organization does not constitute a telephone solicitation under the TCPA).  Thus, Defendant's motion to dismiss should be **GRANTED** as to this claim.

### IV. LEAVE TO AMEND

A court may dismiss a claim which fails to meet the pleading requirements but "should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so."  Ha*rt v. Bayer Corp., 1*99 F.3d 239, 247 n.6 (5th Cir. 2000).  For the forgoing reasons, the Court concludes the legal deficiencies noted herein are uncorrectable.  Thus, a grant of leave to amend is not warranted.

### V. CONCLUSION

For the foregoing reasons, *Defendant National Republican Senatorial Committee's Motion to Dismiss Plaintiff's Amended Complaint*, Doc. 11, should be **GRANTED** to the extent

9

set forth herein.

    **SO RECOMMENDED** on November 18, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).