UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LUCAS B. HORTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:22-CV-1000-G-BK |
| NATIONAL REPUBLICAN ) | |
| SENATORIAL COMMITTEE, ) | |
| ) | |
| Defendant. ) | |

## ORDER ACCEPTING THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE IN PART AND REJECTING THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION IN PART

Before the court is the defendant National Republican Senatorial Committee's (the "defendant" or "NRSC") Federal Rule of Civil Procedure 72(b)(2) objection (docket entry 20) to the magistrate judge's findings, conclusions, and recommendation in this case. Findings, Conclusions and Recommendations of the United States Magistrate Judge ("FCR") (docket entry 19). For the reasons discussed below, the court **ACCEPTS** the magistrate judge's findings, conclusions, and recommendation in part, and **REJECTS** the magistrate's judge's findings, conclusions, and recommendation in part.

If a person files objections to a magistrate judge's order, under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (setting forth the standards of review used in FED. R. CIV. P. 72(b)). The objecting party must "file specific written objections[,]" *id.* at 72(b)(2), meaning the objections must be "sufficiently specific to put the district court on notice of the urged error." *Williams v. K & B Equipment Company, Inc.*, 724 F.2d 508, 511 (5th Cir. 1984).

I. BACKGROUND

The NRSC filed a Rule 12(b)(6) motion to dismiss ("motion to dismiss") the first amended complaint of the plaintiff Lucas B. Horton (the "plaintiff" or "Horton"). Defendant National Republican Senatorial Committee's Motion to Dismiss Plaintiff's Amended Complaint ("Motion") (docket entry 11) at 1-3. The NRSC contends that the complaint should be dismissed for failure to state a claim because: (1) Horton failed to allege plausible facts demonstrating that the NRSC violated the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227(b)(1)(A)(iii); (2) Horton cited the wrong TCPA section, section 227(b)(1)(B), in asserting that the NRSC contacted him even though his number is in the Federal

- 2 -

Trade Commission's ("FTC") National Do-Not-Call ("DNC") Registry, and even under the proper section, TCPA section 227(c)(5), Horton's argument is deficient; (3) Horton failed to allege sufficient facts demonstrating that the NRSC violated Texas Business and Commerce Code ("TBCC") § 302.101(a) by selling or leasing him an item; (4) Horton failed to plausibly contend that the NRSC violated the Code of Federal Regulations ("CFR") under 47 C.F.R. § 64.1200; and (5) Horton failed to allege sufficient facts supporting his TBCC § 305.053(a) claim.  *See* Motion.

United States Magistrate Judge Renée Harris Toliver recommended that the court grant the NRSC's motion to dismiss in part and deny the motion in part.  FCR at 1.  First, Judge Toliver recommended that the court dismiss Horton's DNC list claim under "either section 227(b)(1)(B) or section 227(c)(5), since the former does not establish a cause of action for a DNC-list violation, and the latter is inapplicable" because the NRSC is a political organization.  *Id*. at 6-7.  Next, Judge Toliver recommended dismissing Horton's TBCC section 302.101(a) claim because the NRSC's alleged solicitation does not make it liable under section 302.101(a) as "a seller acting on its own behalf nor [Horton] a purchaser obligated to buy or rent an item."  *Id.* at 8.  Finally, Judge Toliver recommended dismissing Horton's CFR section 64.1200 claim because he did not allege plausible facts demonstrating that the regulation applies to the NRSC.  *Id.* at 9.

Judge Toliver, however, recommended denial of the NRSC's motion to dismiss as it pertained to Horton's TCPA section 227(b)(1)(A)(iii) claim, because Horton has plausibly alleged that: (1) the NRSC or its proxy sent a message to Horton's cellular telephone number; (2) the NRSC used an automatic telephone dialing system ("ATDS") to send the alleged message; and (3) the NRSC lacked Horton's prior express consent to send him the message. FCR at 2-5. Furthermore, Judge Toliver recommended denying the NRSC's motion to dismiss pertaining to Horton's TBCC section 305.053(a) claim because a party that violates TCPA section 227(b)(1)(A)(iii) necessarily infringes TBCC section 305.053(a), and Horton has plausibly alleged that the NRSC violated TCPA section 227(b)(1)(A)(iii). *Id.* at 7.

## II.  ANALYSIS

The court accepts the findings, conclusions, and recommendation of the United States Magistrate Judge that Horton's DNC list, TBCC section 302.101(a), and CFR section 64.1200 claims should be dismissed. The court, however, disagrees with Judge Toliver that the NRSC's motion to dismiss Horton's TCPA section 227(b)(1)(A)(iii) and TBCC section 305.053(a) claims should be denied. The court concludes that Horton failed to provide sufficient facts illustrating that the NRSC or its proxy sent Horton a message using an ATDS and, therefore, fails to plausibly allege a violation of TCPA section 227(b)(1)(A)(iii) or TBCC section 305.053(a).

A. <u>Legal Standard</u>

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks, brackets, and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying pleadings that,

because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.  The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.*  The plausibility principle does not convert the Rule 8(a)(2) notice pleading standard to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss.  *Id.* at 678.

The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 678.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting FED. R. CIV. P. 8(a)(2)).  The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" his arguments against the defendant "across the line from conceivable to plausible."  See *id.* at 679, 683.

### B. Application

1. *Horton Failed to Allege Sufficient Facts Demonstrating that the NRSC Violated TCPA Section 227(b)(1)(A)(iii)*

The NRSC objects to Judge Toliver's findings, conclusions, and recommendation that Horton's TCPA section 227(b)(1)(A)(iii) claim should not be

dismissed.* Defendant National Republican Senatorial Committee's Objections to Magistrate's Findings, Conclusions, and Recommendations ("Objections") (docket entry 20) at 3.  Under the TCPA, it is:

> unlawful . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone . . . unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]

47 U.S.C. § 227(b)(1)(A)(iii).  "A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of [the TCPA]." *Campbell-Ewald Company v. Gomez*, 577 U.S. 153, 156 (2016).  Thus, a TCPA "violation occurs if:  (1)

---

* Along with the arguments described below, the NRSC also avers that Judge Toliver impermissibly "relied on facts not contained or referenced in the Amended Complaint on multiple occasions." Objections at 4-5 n.4; see also *id.* at 6 n.7, 10 n.8, 12 n.10.  "[A]t the motion-to-dismiss stage, the Fifth Circuit is clear: factual allegations cited in a response or objection that are not in the petition or complaint are not properly before the Court." *Horton v. Tarrant County Hospital District*, No. 4:22-CV-0009-P, 2022 WL 620950, at *2 (N.D. Tex. Mar. 3, 2022) (Pittman, J.) (citing *Leal v. McHugh*, 731 F.3d 405, 407 n.2 (5th Cir. 2013); *Ferrer v. Chevron Corporation*, 484 F.3d 776, 782 (5th Cir. 2007)).  As such, the *Tarrant County Hospital* court stated that the plaintiff's allegations outside of his operative complaint are improper and insufficient "to support his claim that the text violated the TCPA." *Id.*  In both *Tarrant County Hospital* and the instant case, Horton is the plaintiff and includes new allegations and evidence in pleadings outside of his operative complaint. "If, on a motion under Rule 12(b)(6), . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d).  The court will not treat this as a motion for summary judgment and does not consider any additional allegations or evidence that Horton did not include in his first amended complaint.

the defendant [messaged] a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Adams v. Safe Home Security Inc.*, No. 3:18-CV-03098-M, 2019 WL 3428776, at *1 (N.D. Tex. July 30, 2019) (Lynn, Chief J.) (internal quotation omitted).

The NRSC objects to Judge Toliver's findings on the first and second elements that Horton must prove to demonstrate that the NRSC committed this violation. Objections at 2. Specifically, the NRSC contends that Horton's TCPA section § 227(b)(1)(A)(iii) claim should be dismissed because Horton did not plausibly allege that the NRSC or its proxy sent Horton a message and that the entity which sent the message used an ATDS. *Id*. at 3-4. Horton responds to the NRSC's objections with various unorganized arguments, including that at this stage there is no way that Horton can know who exactly sent the message so discovery is necessary and that Horton need only meet a low bar to prove that WinRed or another third-party sent the alleged message on behalf of the NRSC. Brief in Support of Plaintiff's Opposition to NRSC's Objections ("Response") (docket entry 21) at 3.

It is undisputed that the NRSC can be held liable for a third-party's actions, as "there is vicarious liability for TCPA violations." *Campbell-Ewald*, 577 U.S. at 168. The Supreme Court has adopted the Federal Communications Commission's ("FCC") guidance that "federal common-law principles of agency" apply in TCPA cases. *Id.* The FCC explained how a fiduciary relationship "arises when one person (a

'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control." *In re Dish Network, LLC*, 28 F.C.C. Record 6574, 6586 (2013) (internal quotation omitted). Additionally:

> [a] principal may be liable in circumstances where a third party has apparent (if not actual) authority. Such [a]pparent authority holds a principal accountable for the results of third-party beliefs about an actor's authority to act as an agent when the belief is reasonable and is traceable to a manifestation of the principal. Other principles of agency law may support liability in particular cases. For example, a seller may be liable for the acts of another under traditional agency principles if it ratifies those acts by knowingly accepting their benefits. Such ratification may occur through conduct justifiable only on the assumption that the person consents to be bound by the act's legal consequences.

*Id.* at 6586-87 (internal quotation omitted).

Furthermore, the Supreme Court has held that to be an ATDS, "a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *Facebook, Inc. v. Duguid*, __ U.S. __, 141 S. Ct. 1163, 1167 (2021); *see also* 47 U.S.C. § 227(a)(1)(A)-(B). "Simply alleging the use of an ATDS, without more, is insufficient to sustain a TCPA claim." *Cunningham v. Nationwide Security Solutions, Inc.*, No. 3:17-CV-0337-M, 2017 WL 10486988, at *3 (N.D. Tex. Nov. 2, 2017) (Lynn, Chief J.) (citation omitted). Courts, however, "have noted the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of

discovery and found that courts can rely on details about the call to infer the use of an ATDS." *Id.* (internal quotation and citation omitted).

To that end, courts in this circuit have held that a plaintiff can survive a motion to dismiss by pleading different facts in his complaint that implicitly illustrate the necessary TCPA elements.  See, *e.g.*, *Cunningham v. Britereal Management, Inc.*, No. 4:20-CV-144-SDJ-KPJ, 2020 WL 7391693, at *6 (E.D. Tex. Nov. 20, 2020) (Johnson, M.J.), *report and recommendation adopted*, No. 4:20-CV-144-SDJ-KPJ, 2020 WL 7388415 (E.D. Tex. Dec. 16, 2020) ("alleg[ing] [the plaintiff] received at least twenty-five (25) phone calls and multiple text messages" and "describ[ing] the contents of these communications and attach[ing] an email confirmation"); *Williamson v. Irving K Motor Company LLC*, 3:21-CV-1599-L-BH, 2022 WL 2053179, at *7 (N.D. Tex. June 7, 2022) (Ramirez, M.J.) ("alleg[ing] that Defendant sent multiple prerecorded voice messages to her cellular telephone . . . promoting the sale of its" products and services and "provid[ing] four phone numbers that were used to contact her, as well as information that connects Defendant to those numbers, and describes the contents of these messages"); *Adams*, 2019 WL 3428776, at *1 ("alleg[ing] that each of the phone calls [the plaintiff] received began with a pause of several seconds.").

Even so, the plaintiff must still plead sufficient facts illustrating the TCPA elements.  In *Cunningham v. TechStorm, LLC*, the court granted a motion to dismiss

where the plaintiff only alleged that "he received one or more phone calls to his cellphone, made by an automatic telephone dialing system . . . that at least one message was left, accompanied by a brief period of dead-air time and multiple playback errors" and that the defendant "attempted over 100 phone calls, as can be the case in other instances." No. 3:16-CV-2879-M, 2017 WL 721079, at *2 (N.D. Tex. Feb. 23, 2017) (Lynn, Chief J.).

In Horton's first amended complaint, he states that he received a single text message which included a link "in the [message that] led to a website soliciting donations for the [NRSC]." Amended Complaint (docket entry 10) at 3. Horton avers that "[the NRSC], or its proxy (Winred), places unwanted texts to consumer cellphones" and that "[t]he text at issue in this case was sent by, on behalf of, and/or for the benefit of, and with the knowledge and approval of the [NRSC]." *Id.* at 2. Horton further states that the message was sent to his cellphone which has a number ending in 3341, that the alleged message came from the number 256-500-4861 on March 1, 2022, and that the message "want[ed] to hear [Horton's] thoughts on the DISASTROUS Biden-Harris administration." *Id.* at 3.

Horton believes that the NRSC or WinRed used an ATDS to send this message because the alleged system has "the capacity to store numbers, or to randomly produce telephone numbers to send text messages using a random or

sequential number generator." Amended Complaint at 3. Horton states that his argument is supported by:

> a. The generic content of the message;
>
> b. That the incoming messages are not monitored;
>
> c. That the number used to send the text messages does not accept incoming phone calls;
>
> e. That [Horton's] telephone number was produced using a random or sequential number generator[;]
>
> f. That [Horton] is not a registered Republican or on any potential "donor list" the [NRSC] had so they had no logical reason to have his phone number.

*Id.*

Horton, however, failed to plead more than conclusions and formulaic recitations of vicarious liability and ATDS elements. Although Horton need not have pleaded detailed factual allegations, and this court accepts all well-pleaded facts as true and views these facts in the light most favorable to him, Horton has failed to provide enough facts demonstrating a plausible contention that the NRSC (or WinRed, on behalf of the NRSC) sent him a message using an ATDS. Horton does not attach to his first amended complaint the message that he avers the NRSC or WinRed sent him nor the website soliciting donations for the NRSC. Additionally, other than describing WinRed as the NRSC's proxy, Horton's first amended

complaint provides no information as to what WinRed is, why Horton believes WinRed might have sent him a message, and how WinRed is the NRSC's proxy.

Merely stating that he received a message which included a link to a website that solicits donations for the NRSC is not enough to nudge Horton's argument across the line from conceivable to plausible.  On this information alone, the court can merely speculate that the NRSC sent Horton a message, that WinRed acted with actual authority as the NRSC's agent and sent Horton a message, that WinRed sent Horton a message with apparent authority, or that WinRed sent Horton a message and the NRSC ratified WinRed's actions.  A sheer possibility that the NRSC (or WinRed, on behalf of the NRSC) messaged Horton is not enough, and, therefore, the NRSC's motion to dismiss Horton's TCPA Section 227(b)(1)(A)(iii) claim is granted.

Furthermore, even if Horton did allege sufficient facts describing how the NRSC or its agent WinRed messaged him, he did not plead adequate facts demonstrating, explicitly or implicitly, that either the NRSC or WinRed used an ATDS.  Horton does not plead facts that directly demonstrate that the NRSC or WinRed used a machine that has the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator.  Additionally, Horton does not provide sufficient facts to implicitly illustrate that the NRSC or WinRed used this type of machine.

Although courts in this circuit have noted that it is difficult for the plaintiff, at this stage in the proceeding, to know exactly what type of machine the defendant used, Horton cannot simply allege that an ATDS was used. That is, however, exactly what he does. Horton did not contend that he received multiple messages; he did not provide a thorough description of what the message contained nor a copy of the message in his first amended complaint; he did not state that the NRSC promoted the sale of its products; he did not elaborate on how the NRSC or WinRed are connected to the phone number that allegedly sent him a message; and he did not contend that he heard a pause of several seconds during a phone call from the NRSC or WinRed. Instead, Horton merely pleaded that he received a single text message; he provided only a threadbare recital of what the message contained and did not provide a copy of the message or the website allegedly linked in the message; he did not state that the message itself promoted the NRSC's product, but instead that it contained a link to a website which solicited donations for the NRSC; and he only described the phone number that messaged him, without providing more information as to how the NRSC or WinRed are connected to that phone number.

Merely pleading labels, conclusions, and a formulaic recitation of the elements required to prove that an ATDS was used, as Horton has done, is not enough to survive a motion to dismiss. With just this information, the court can only speculate that either the NRSC or WinRed used an ATDS to send Horton a message. Horton's

allegations do not nudge his argument across the line from conceivable to plausible. Consequently, the NRSC's motion to dismiss Horton's TCPA section 227(b)(1)(A)(iii) claim is also granted because Horton failed to allege sufficient facts that the NRSC or WinRed used an ATDS to message him.

2. *Horton Failed to State a Claim Under TBCC Section 305.053(a)*

The NRSC objects to Judge Toliver's findings, conclusions, and recommendation that Horton's TBCC section 305.053(a) claim should not be dismissed. Objections at 14. Under TBCC section 305.053(a), "[a] person who receives a communication that violates 47 U.S.C. Section 227 . . . may bring an action in this state against the person who originates the communication for . . . both an injunction and damages." TEX. BUS. & COM. CODE § 305.053(a). Thus, Horton's TBCC section 305.053(a) claim and the NRSC's motion to dismiss are derivative of Horton's TCPA section 227(b)(1)(A)(iii) claim. See *Starling v. J Wales Home Solutions LLC*, No. 4:21-CV-1261-O, 2022 WL 1156021, at *4 (N.D. Tex. Apr. 19, 2022) (O'Connor, J.).

Because Horton failed to provide sufficient facts to plead a TCPA section 227(b)(1)(A) violation, he necessarily fails to plead a TBCC section 305.053(a) violation. The court, therefore, grants the NRSC's motion to dismiss Horton's TBCC section 305.053(a) claim.

III.  CONCLUSION

The court has reviewed all objections *de novo*.  The court **ACCEPTS** the findings, conclusions, and recommendation of the United States Magistrate Judge that Horton's DNC list, TBCC section 302.101(a), and CFR section 64.1200 claims should be dismissed.  The court **REJECTS** the findings, conclusions, and recommendation of the United States Magistrate Judge that Horton's TCPA section 227(b)(1)(A)(iii) and TBCC section 305.053(a) claims should not be dismissed.

The court concludes that Horton's TCPA section 227(b)(1)(A)(iii) and TBCC section 305.053(a) claims should be **DISMISSED** for failure to state a claim upon which relief may be granted.  Judgment will be entered for the NRSC.

**SO ORDERED**.

January 23, 2023.

*C. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**